IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE,
NASHVILLE DIVISIOIN

| | | |
|---|---|---|
| DYLAN STACY | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | Jury Demanded |
| | ) | |
| CLARKSVILLE POLICE DEPARTMENT, | ) | |
| CITY OF CLARKSVILLE, and | ) | |
| | ) | |
| JAMAL ALQUZWEENI, individually and in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Dylan Stacy, and files this Complaint for damages against the above referenced Defendant (s), and for Plaintiff's cause (s) of action against these Defendant (s) states as follows:

## **NATURE OF CASE**

(1)     This cause of action is predicated upon 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, Article I, § 8 of the Constitution of Tennessee and other claims which arise under the color of state law.

(2)     Plaintiff brings this action to recover all damages allowable under the law.

## **PARTIES**

(3)     Plaintiff, Dylan Stacy, is a resident of Montgomery County, Tennessee.

(4) Defendant, City of Clarksville/Clarksville Police Department, located in Montgomery County, Tennessee, is a local government, municipality, and/or political subdivision of the State of Tennessee and among its other functions operates and maintains a law enforcement agency known as the Clarksville Police Department. At all times herein, the Clarksville Police Department and/or the Defendant police officer (s) were operating under color of state law. The City of Clarksville and/or the Clarksville Police Department may be served with process through the Clarksville City Attorney Zach Johnston, at One Public Square, Suite 401, Clarksville, Tennessee 37040.

(5) Defendant, Jamal Alquzweeni, is an adult resident of the State of Tennessee. At all times material hereto, Defendant was an officer with the Clarksville Police Department and was acting by virtue of his position as an officer with the Clarksville Police Department and under the color of state law. He is sued in his individual capacity as well as his official capacity as an officer of the Clarksville Police Department. Defendant can be served with process at his place of work, the Clarksville Police Department, located at One Public Square, Clarksville, Tennessee 37040.

## JURISDICTION AND VENUE

(6) Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1332, 1343, 1342(a)(3)(4) and § 1367(a).

(7) This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1343, which places original jurisdiction in the federal district court for civil actions commenced by any person to redress the deprivation of such rights.

(8) This Honorable Court has jurisdiction over Plaintiff's claims of violations of civil rights pursuant to 42 U.S.C. § 1983 and pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

(9)      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the factual acts and/or omission giving rise to this litigation occurred within the district and within 1 years of the filing of this Complaint and this Court otherwise has jurisdiction.

**FACTUAL BACKGROUND**

(10)     On or about July 12, 2023, Plaintiff, a professional contractor, entered into a contract with an individual named Curtis Meyers in order to effect certain home improvements with regard to the property of Mr. Meyers and his wife.

(11)     In preparation for the above referenced contract measurements were taken by the Plaintiff and estimates were drawn up.  The total amount of money to paid on behalf of Mr. Meyers was $63,470.00, with an amount of $21,156.67 to be paid immediately.  This amount was paid by Mr. Meyers to the Plaintiff upon the execution of the contract.

(12)     The Plaintiff informed Mr. Meyers that work would not begin immediately, and that there existed a backlog of projects and a backlog of materials needed for the project.

(13)     By the end of July 2023, Mr. Meyers began reaching out to the Plaintiff with regard to beginning work in earnest on Mr. Meyers home improvement project.  Mr. Meyers became increasingly impatient and demanded a return of his initial payment to the Plaintiff and a cancellation of the project.  This occurred at the end of July/beginning of August 2023.

(14)     The contract between Mr. Meyers and the Plaintiff clearly states that if the homeowner moves to cancel the project, that the Plaintiff is entitled to a twenty-five percent fee of the initial amount paid to the Plaintiff.  Despite this provision, Plaintiff agreed to not only refund Mr. Meyers, but to refund Mr. Meyers the full amount of his initial deposit.

(15)     On or about August 14, 2023, the Plaintiff mailed a check in the amount of $21,156.67 to the home address of Mr. Meyers.  This check was put in the mail to Mr. Meyers approximately thirty-three days after the execution of the contract between the Plaintiff and Mr. Meyers.

(16)     Unbeknownst to the Plaintiff, on or about August 10, 2023, Mr. Meyers decided to contact the Defendant (s) with the purpose to pursue criminal charges against the Plaintiff.  This is evidenced by the Affidavit of Complaint and Arrest Warrant created and/or executed by the Defendant (s).

(17)     Within the criminal affidavit signed by Defendant Officer Alquzweeni the same facts with regard to the creation date of the applicable contract and the amount exchanged between the parties is contained. It is additionally noted on the attached criminal affidavit that the Plaintiff was being prosecuted under Tenn. Code Ann. § 39-14-154, which is the basis for the authority provided by the state legislature to charge a professional contractor with regard to alleged contractor fraud that occurs in the State of Tennessee.

(18)     Despite the fact that Defendant (s) were aware that the contract/agreement for home improvement services was formed on July 12, 2023, Defendants still moved to arrest the Plaintiff, falsely imprison the Plaintiff, and deprive the Plaintiff of his basic civil rights, freedoms, and liberties.

(19)     On or about August 24, 2023, Plaintiff was arrested and hauled off to jail while he was in the middle of obtaining his morning coffee at a local service station in or around the Clarksville area.  The Defendant (s) effected and executed this unlawful arrest, and the Plaintiff was booked into jail and given a One-Hundred Thousand Dollar ($100,000.00) bond.

(20)     Plaintiff was arrested on or about August 24, 2023, approximately forty-three days after the initial formation of the contract between the Plaintiff and Mr. Meyers.

(21)     Upon information and belief, at the time of the arrest of the Plaintiff, a check in the amount of $21,156.67, was sitting in the mailbox of Mr. Meyers.

(22)     The only charge levied against the Plaintiff and the charge that was the basis of the unlawful action (s) by the Defendant (s) was brought under Tenn. Code Ann. § 39-14-154, and that charge has since been dismissed.  Tenn. Code Ann. § 39-14-154 clearly states as follows; ***"A violation of subdivision (b)(1)(A) is an offense only if:***

***i. No substantial portion of the new home construction or home improvement services work has been performed at the time of the request.***

***ii. More than (90) days have elapsed since the starting date of the new home construction contract or contract for home improvement services; and***

***iii. A copy of the written request for a refund was sent by the home buyer or residential owner to the consumer protection division of the office of the attorney general;…"***.

(23)      As stated in this Complaint, and as clearly laid out in the Affidavit of Complaint drawn up and signed off on by the Defendant (s) it had been nowhere near ninety (90) days since the formation of the applicable contract between the Plaintiff and Mr. Meyers, and as such the Defendant (s) had neither reasonable suspicion, probable cause, nor legal authority to effect an arrest on the Plaintiff and/or to imprison the Plaintiff.

(24)     According to the clear language in Tenn. Code Ann. § 39-14-154 Defendant (s) would have only had authority to charge, arrest, and/or imprison the Plaintiff after ninety (90) days had passed from the date of the formation of the contract between the Plaintiff and Mr. Meyers.  At the time of the arrest only forty-three (43) days had passed, and even at that point Mr. Meyers had been returned his initial payment in full.

(25)     As a result of the unlawful arrest and false imprisonment of the Plaintiff by the Defendant (s), Plaintiff was humiliated and has suffered significant monetary losses to his home improvement business.  Defendants' actions and/or omissions have pushed him to the verge of bankruptcy.  In addition to significant monetary losses and the destruction of Plaintiff's business, Plaintiff's freedom was taken from him and he was in essence kidnapped, falsely imprisoned, and had his basic liberties taken from him by these Defendant (s).

(26)     Plaintiff's mug shot and the attention this matter has received on social media in the Clarksville area, in addition to the above-mentioned humiliation in general, have costs him numerous jobs and substantial monetary losses that have destroyed his ability to earn an income and provide for both him and his family.

(27)     The illegal and unlawful arrest and Plaintiff's wrongful imprisonment, particularly in light of the fact that the Defendant (s) had full knowledge and/or should have had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

(28)     As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of his due process rights, stripped of his dignity, stripped of his freedom, stigmatized in his community, falsely arrested, in essence kidnapped, and had his business and means of providing for his family destroyed all in violation of his Fourth and Fourteenth Amendment rights of the United States Constitution.

**CAUSES OF ACTION**

**COUNT 1**

**Violations of Civil Rights Pursuant to 42 U.S.C § 1983-Unreasonable Search and Seizure**

***By Defendant Alquzweeni***

(29) Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (28) as though fully set forth herein.

(30) Defendant (s) acted under color of state law to violate Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

(31) Defendants violated Plaintiff's right to be free from unreasonable search and seizure, as outlined in detail above.

(32) Defendant (s) had neither reasonable suspicion nor probable cause to believe a crime had occurred, and further Defendant (s) lacked both state and/or federal authority to bring charges under the state criminal code under which charges were brought.

(33) The Defendants searched and/or seized the Plaintiff while he was lawfully going about his business and exercising his rights to live freely under the Constitution.

(34) Defendant (s) operated to violate Plaintiff's civil rights as protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983.

(35) As a direct and proximate result of the Defendant (s) unlawful conduct which resulted in the violation of the Plaintiff's civil rights, the Plaintiff has suffered general and specific damages and is entitled to relief under 42 U.S.C. § 1983.

(36) Defendants' actions and/or omissions are the proximate cause and the cause in fact of the Plaintiff's damages, injuries, and losses. A reasonable and prudent law enforcement officer would not move to arrest a citizen of this nation under a state criminal code/statute that clearly provided the officer/police department with no authority to arrest said citizen under the circumstances laid out above and below.

(37)    Defendants' conduct was knowing, willful, wanton, unreasonable, unconscionable, malicious, oppressive, reckless, grossly reckless, and in flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and Defendant (s) are guilty of egregious and gross misconduct towards the Plaintiff that was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 2

### Violations of Civil Rights Under 42 U.S.C. § 1983, False Arrest and False Imprisonment

### *By Defendant Alquzweeni*

(38)    Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (37) as though fully set forth herein.

(39)    Defendant (s) violated the Plaintiff's right (s) under the Fourth and Fourteenth Amendments to the Constitution to be free from false arrest and false imprisonment.

(40)    Defendant (s), by committing the acts complained of herein under color of state law, caused the false arrest of and unlawful detention of the Plaintiff.

(41)    Defendant (s) violated Plaintiff's Fourth and Fourteenth Amendment rights when Defendant (s) unreasonably, falsely arrested and/or detained Plaintiff without any probable cause, reasonable suspicion, or legal authority.

(42)    The interaction between the Plaintiff and the Defendant (s) was unreasonable at its inception and violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure as Defendant (s) had no probable cause or reasonable suspicion to believe that a crime had been committed.  Regardless, Plaintiff was charged, arrested, and prosecuted even though Plaintiff plainly had committed no crime or illegal act in reality and/or according to the facts as laid out by the Defendant (s) themselves.

(43)  Plaintiff was falsely detained, arrested, and imprisoned by the Defendant (s) as Defendant (s) did not have any probable cause to believe a criminal offense had been committed by the Plaintiff when the Plaintiff was placed under arrest on or about August 24, 2023.

(44)  Defendant Alquzweeni made false statements and/or sworn false statements that had the operable effect of deceiving the court, material or immaterial to the issue of probable cause, with regard to the Plaintiff.  It was not possible for probable cause to exist, as the criminal affidavit clearly shows Defendants'' knowledge that 90 days had yet to pass as required by statute for the prosecution of the alleged and subsequently dismissed charge.

(45)  All charges alleged against the Plaintiff stemming from this matter were dismissed, and the Plaintiff was cleared of any wrongdoings.

(46)  At all relevant times, Defendant (s) had the intent to confine Plaintiff, and carried out the intent by putting him in a position so that he could not leave and return to his home or carry out his life as a free man.  Said confinement/jailing resulted in harmful detention, without consent, and without authority of law.

(47)  As a direct and proximate result of the violation of the Plaintiff's constitutional rights to be free from false arrest and false imprisonment, Plaintiff suffered damages and is entitled to relief under 42 U.S.C. § 1983.

(48)  Defendants' actions and/or omission are the proximate cause and the cause in fact of the Plaintiff's damages, injuries, and losses.

(49)  All of the foregoing occurred without any provocation on the part of the Plaintiff.

(50)  Defendants' conduct was knowing, willful, wanton, unreasonable, unconscionable, malicious, oppressive, reckless, grossly reckless, and in flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and Defendant (s) are guilty of egregious and gross misconduct

towards the Plaintiff that was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 3

### False Arrest-T.G.L.A. (Tenn. Code Ann. § 29-20-101) and Common Law

*By Defendant Alquzweeni*

(51)   Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (50) as though fully set forth herein.

(52)   Plaintiff was falsely on or about August 24, 2023 and was taken to jail where he was booked and/or processed.

(53)   Defendant (s), directly and/or indirectly caused the arrest of the Plaintiff, imposed an unlawful restrain upon his freedom of movement and liberty.

(54)   Plaintiff suffered harm, losses and damages as a direct and proximate result of this false arrest including, but not limited to, severe emotional distress, the destruction of his business and ability to earn a living for himself and his family, and other financial and reputational harm.

(55)   Defendants' conduct was knowing, willful, wanton, unreasonable, unconscionable, malicious, oppressive, reckless, grossly reckless, and in flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and Defendant (s) are guilty of egregious and gross misconduct towards the Plaintiff that was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 4

### Malicious Prosecution-State Law Claim

*By Defendant Alquzweeni*

(56)    Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (55) as though fully set forth herein.

(57)    Suit/prosecution/charges were filed and/or instituted without probable cause.

(58)    Defendants brought the action with malice.

(59)    The prior action was finally terminated in Plaintiff's favor.

(60)    Defendants' actions and/or omissions are the proximate cause and the cause in fact of the Plaintiff's damages, injuries, and losses.

(70)    Defendants' conduct was knowing, willful, wanton, unreasonable, unconscionable, malicious, oppressive, reckless, grossly reckless, and in flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and Defendant (s) are guilty of egregious and gross misconduct towards the Plaintiff that was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 5

### False Imprisonment – T.G.L.A (Tenn. Code Ann. § 29-20-101) and Common Law

#### *By Defendant Alquzweeni*

(71)    Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (70) as though fully set forth herein.

(72)    Defendants' actions direct and/or indirectly resulted in the intentional detention, restraint and/or confinement of Plaintiff within fixed boundaries and against Plaintiff's will.

(73)    The detention, restraint and confinement of Plaintiff were unlawful and without just cause.

(74)    Plaintiff suffered harm, losses and damages as a direct and proximate result of this false arrest and/or imprisonment including but limited to; severe emotional distress and financial/monetary damages, injuries, and losses.

(75)     Defendants' actions and/or omissions are the proximate cause and the cause in fact of the Plaintiff's damages, injuries, and losses.

(76)     Defendants' conduct was knowing, willful, wanton, unreasonable, unconscionable, malicious, oppressive, reckless, grossly reckless, and in flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and Defendant (s) are guilty of egregious and gross misconduct towards the Plaintiff that was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 6

### Violation of the Constitution of the State of Tennessee Article 1, § (8)

#### *By Defendant Alquzweeni*

(77)     Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (76) as though fully set forth herein.

(78)     Defendants' actions constitute a violation of Plaintiff's rights secured under Article 1, § Eight (8) of the Constitution of the State of Tennessee.

## COUNT 7

### Intentional Infliction of Emotional Distress

#### *By Defendant Alquzweeni*

(79)     Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (78) as though fully set forth herein.

(80)     The acts and conduct of Defendant (s) as described herein were intentional, reckless, and outrageous.  Defendant (s) arrested, jailed, and prosecuted Plaintiff without any legal basis and have caused Plaintiff to be stigmatized within his community and brought significant financial harm to the Plaintiff as the result of their reckless and/or intentional unlawful actions.  This conduct

by the Defendant (s) was extreme and outrageous, and has caused severe emotional harm to the Plaintiff, as his freedom was stripped from him, his business has been destroyed, and his ability to provide for his family has been impacted greatly. The mental trauma has been such that it has even taken the form of physical manifestations.

(81) Defendants' conduct was knowing, willful, wanton, unreasonable, unconscionable, malicious, oppressive, reckless, grossly reckless, and in flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and Defendant (s) are guilty of egregious and gross misconduct towards the Plaintiff that was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 8

### 42 U.S.C. § 1983 Claim Under *Monell v. Dep't of Social Servs.*

### *By Defendant City of Clarksville/Clarksville Police Department*

(82) Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (81) as though fully set forth herein.

(83) The City of Clarksville, by and through the Clarksville Police Department as a sub-unit of the city government, is in charge of hiring, training, supervising, and disciplining its officers and employees within its control, such as Defendant Officer Alquzweenie.

(84) The City/Police Department have a documented history of prosecuting professional contractors under Tennessee's contractor fraud statute. As such, the City/Police Department are tasked with supervising and training officers and employees with regard to the requirements for prosecuting individual contractors criminally under said statute and prosecuting individual contractors in general.

(85) The City/Police Department and its employees, officers, and/or agents cannot prosecute any individual without reasonable suspicion and/or probable cause that some law has been violated, including but not limited to the Tennessee contractor fraud statue discussed above. The City/Police Department has established a pattern of not training officers properly in this regard, and the result is continued violations of individual's civil rights and threats to individuals, such as the Plaintiff's, liberty.

(86) As a direct and proximate result of these constitutional violation (s) by the Defendant (s), and as a result of the culture promoted by the City/Department Plaintiff has suffered damages.

(87) The City of Clarksville has woefully failed to train and properly supervise in this area of policy, and the result has been devastating for the Plaintiff. The City has a policy of going after these types of hyper technical alleged crimes under the very specific state statute cited above, and as such has a duty to train and oversee the city employees/officers operating in this area.

(88) Defendants' conduct was knowing, willful, wanton, unreasonable, unconscionable, malicious, oppressive, reckless, grossly reckless, and in flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and Defendant (s) are guilty of egregious and gross misconduct towards the Plaintiff that was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 9

### 42 U.S.C. § 1983 Malicious Prosecution

### *By Defendant Alquzweeni*

(89) Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (88) as though fully set forth herein.

(90)   As laid out above Defendant (s) under color of state law and within their scope of employment deprived Plaintiff of his constitutional rights and maliciously brought charges lacking any just probable cause and/or reasonable suspicion.  This was done in violation of rights secured by the 4th and 14th Amendments to the United States Constitution.

(91)   The case brought against the Plaintiff was brought with malice, and the case ultimately terminated in Plaintiff's favor.  The case was brought based on alleged facts that under no circumstances could have resulted in a conviction.

(92)   Defendants' conduct was knowing, willful, wanton, unreasonable, unconscionable, malicious, oppressive, reckless, grossly reckless, and in flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and Defendant (s) are guilty of egregious and gross misconduct towards the Plaintiff that was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## DAMAGES

(93)   Plaintiff adopts, reiterates, and incorporates by reference each of the separately numbered allegations contained in paragraphs (1) through (92) as though fully set forth herein.

(94)   As a direct and proximate result of the aforementioned acts and/or omissions of the Defendant (s), Plaintiff is entitled to recover damages.

(95)   The injuries and damages for which the Plaintiff seeks compensation from the Defendant (s), both jointly and severally, under both state and federal law include, but are not limited to, the following:

    (a)  Physical, mental, and emotional pain and suffering;

    (b) General and special damages;

    (c) Lost wages and/or income;

(d) Punitive damages against the applicable Defendant (s) as followed by law in an amount to be determined by a jury;

(e) Pre-and post-judgement interest;

(f) All costs including statutory and discretionary costs; and

(g) Attorney fees and expenses as authorized by federal and state law and 42 U.S.C. § 1988.

(96) Plaintiff reserves the right to prove the amount of damages at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Dylan Stacy prays as follows:

(1) That proper process issue to the Defendant (s) and that they be required to answer under oath in the time required by law;

(2) That the judgement be rendered in favor of the Plaintiff and against the Defendant (s), both jointly and severally, on all causes of action asserted herein;

(3) That declaratory judgment be rendered that the acts and conduct complained of herein was unconstitutional;

(4) That injunctive relief be rendered precluding the Defendant (s) from engaging in the conduct complained of herein in the future and requiring the City of Clarksville/Clarksville Police Department to provided proper policy, training and supervision of its employees and officers.

(5) That the Plaintiff be awarded those damages to which he may appear that he is entitled by proof submitted in this case in an amount not less than $500,000.00.

(6) That punitive damages be awarded against the applicable Defendant (s) as followed by the law in an amount to be determined by a jury as reasonable in an amount not less

than $1,000,000.00, and for such further relief, both general and specific, to which he may be entitled under the premises;

(7)    That the Plaintiff be awarded reasonable costs, expenses and attorney's fees as authorized by 42 U.S.C. § 1988 and state law;

(8)    That the Plaintiff receive any such other, further and general relief as this Honorable Court deems just and proper and/or permitted by law; and

(9)    That a jury be impaneled to try and resolve any and all issues in this case.

Respectfully submitted,

/s/ *Andrew S. Lockert*
Andrew S. Lockert, BPR 36606
112 Frey Street—Suite B
Ashland City, TN 37015
Phone: (629) 256-4510
Phone: (615) 669-3053
Fax:    (615) 792-4867
Email: Andrew@LockertLaw.com

/s/ *John H. Morris*
John H. Morris, BPR 35789
Nashville Vanguard Law, PLLC
110 Cue Ln.
Madison, TN 37115
Phone: (615) 229-5529
Fax:    (615) 679-9520
John@tek.law

OATH

       Plaintiff, Dylan Stacy, duly sworn according to law, makes oath that the statements contained herein are true and correct to the best of her knowledge, information and belief.

Dylan Stacy, Plaintiff

STATE OF TENNESSEE      )
COUNTY OF *CHEATHAM*    )

       Personally appeared before me, the undersigned, a Notary Public, in and for said County and State, the within named Plaintiff with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he executed the within instrument for the purpose therein contained.

       Witness my hand and official seal at 112 FREY ST. Ashland City, Tennessee, this the 28 day of March 2024.

Notary Public

My Commission Expires: 03/21/2026

ERIC K. LO___
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF CHEATHAM
MY COMM. EXPIRES MARCH 21, 2026

OATH